# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| Easter Clark, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| v. | ) | Case No: 15 C 7649 |
| Ida Porter, et al., | ) | |
| *Defendants*. | ) | Judge Frederick J. Kapala |

## ORDER

Defendants' motions to dismiss [47] [49] are granted. This case is closed.

## STATEMENT

Plaintiff, Easter Clark, as Independent Administrator of the Estate of Chikita Clark, deceased, brought suit against defendants, Ida N. Porter, Jason G. Potter, William L. Townsend, Peter H. Knudson, Bonnie S. Barr, Matthew R. Goken, and "Individual Unknown Employees and Agents" of the Illinois Department of Corrections (collectively, "defendants"). Plaintiff is alleging a violation of the Eighth Amendment pursuant to 42 U.S.C. § 1983 claiming that prison officials were deliberately indifferent to her brother's medical condition resulting in his death.

Before the court are defendants' Rule 12(b)(6) motions to dismiss plaintiff's claim on the grounds that it is time-barred and that plaintiff fails to state a claim. Because the applicable statute of limitations has expired, and because the current complaint does not relate back to a timely filing, the motions to dismiss are granted.

### I. BACKGROUND

Chikita Clark ("decedent") was an inmate at the Dixon Correctional Center ("Dixon") of the Illinois Department of Corrections ("IDOC"). On August 19, 2012, decedent was found dead in the infirmary at Dixon. According to the complaint, decedent had a "known history of mental illness" and previously had been admitted to the Dixon infirmary due to mental health concerns. The complaint alleges that defendants knew that the decedent had a serious mental illness that placed him at risk of self-harm, including suicide, and at risk of being attacked by other inmates. Although state officials claim that decedent committed suicide by hanging, decedent's family members believe that decedent was in a struggle with another person at the Dixon facility, either another inmate or an IDOC employee, shortly before his death.

On August 18, 2014, one day before the statute of limitations would have barred her cause of action, plaintiff filed a complaint naming Nedra Chandler, the former Warden of Dixon, and

"Individual Unknown Employees and Agents of the [IDOC]" as defendants ("2014 case").[1] After the statute of limitations had run, plaintiff filed an amended complaint on October 24, 2014, dismissing Chandler and adding, by name, the current defendants.[2] On May 21, 2015, plaintiff's 2014 case was dismissed by the court without prejudice for lack of standing because plaintiff had not yet been appointed as administrator of decedent's estate.

On August 31, 2015, plaintiff filed the instant lawsuit ("2015 case") naming the same defendants that were added to the 2014 amended complaint as defendants once again. Attached to the complaint as exhibit A is an August 6, 2015 order, appointing plaintiff as the independent administrator of the estate of decedent. On February 9, 2016, plaintiff filed an amended complaint, naming the same defendants as those in the complaint filed August 31, 2015. Plaintiff alleges that defendants acted with deliberate indifference towards decedent because he had a "serious mental illness" that allegedly put him at risk of suicide and harm from himself as well as other inmates.

Before the court are defendants' motions to dismiss plaintiff's amended complaint. The defendants argue that plaintiff's amended complaint in the 2015 case should be dismissed for two reasons: (1) the claim is barred by the statute of limitations, and (2) plaintiff has failed to state a claim upon which relief can be granted. Plaintiff, on the other hand, argues that her amended complaint relates back to the original complaint filed in the 2014 case on August 18, 2014, one day prior to the expiration of the statute of limitations. The court need not consider the motion to dismiss based upon the failure to state a claim or plaintiff's argument relying on Warren v. Dart, No. 09-cv-3512, 2010 WL 4883923 (N.D. Ill. Nov. 24, 2010), because the court concludes that plaintiff's claim is time-barred by the applicable statute of limitations and her amended complaint does not relate back to the date of the original complaint.

## II. ANALYSIS

When deciding a defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts all of the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences in favor of the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Failure to file a complaint within the applicable statute of limitations period is an affirmative defense. Fed. R. Civ. P. 8(c). Generally, "complaints do not have to anticipate affirmative defenses to survive a motion to dismiss." U.S. v. Lewis, 411 F.3d 838, 842 (7th Cir. 2005) (citing Gomez v. Toledo, 446 U.S. 635, 640 (1980)). However, "the exception occurs where . . . the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." Id. Thus, dismissal is appropriate "[w]hen the plaintiff effectively pleads himself out of court by alleging facts sufficient to establish a statute of limitations defense." Reyes v. City of Chi., 585 F. Supp. 2d 1010, 1014-15 (N.D. Ill. 2008) (citing Hollander v. Brown, 457 F.3d 688, 691 n.1 (7th Cir. 2006)).

---

[1] The 2014 case was filed under Case No. 14-cv-6381.

[2] Plaintiff claims in her response to defendants' motions to dismiss that she received the names of these defendants through a FOIA request that provided her very limited information but "revealed that the defendants had contact with [decedent] around the time of his death."

2

"For a § 1983 claim, under Federal Rule of Civil Procedure 15(c), an amendment to a complaint will be permitted after the statute of limitations has run if the amendment can 'relate back' to the date of the original pleading under state law." Hunt v. Dart, 612 F. Supp. 2d 969, 974 n.4 (N.D. Ill. 2009). "[T]he statute of limitations for a § 1983 claim in Illinois is two years." Gomez v. Randle, 680 F.3d 859, 864 (7th Cir. 2012); see also Eison v. McCoy, 146 F.3d 468, 470 (7th Cir. 1998) (explaining that in § 1983 actions, "federal courts adopt the forum state's statute of limitations for personal injury claims"); 735 ILCS 5/13-202 (establishing a two-year statute of limitations for personal injury actions in Illinois). Rule 15(c) expressly conditions relation back of amendments on three prerequisites: (1) that the amended complaint arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; (2) within the applicable statute of limitations period the purported substitute defendant must have received such notice of the lawsuit that he will not be prejudiced in maintaining his defense; and (3) the purported substitute defendant must have or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.[3] See Wood v. Woracheck, 618 F.2d 1225, 1229 (7th Cir. 1980); see also Jackson v. Kotter, 541 F.3d 688, 696 (7th Cir. 2008); Hunt, 612 F. Supp. 2d at 973.

The court's analysis on the relation-back doctrine contained in Rule 15(c)(1)(C)(ii) will focus on the "mistake" requirement.[4] Rule 15(c) provides, in pertinent part:

An amendment to a pleading relates back to the date of the original pleading when:

. . . .

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

---

[3]The court has considered whether Illinois law provides a greater relation back period for purposes of 15(c)(1)(A), but concludes that it "is not more favorable to the plaintiff than Rule 15(c)(1)(C), and therefore it is not applicable." Hunt, 612 F. Supp. 2d. at 977.

[4]As an initial matter, it is not clear whether the relation-back doctrine applies when a previous case was dismissed for lack of standing and it is not technically the same plaintiff bringing the current lawsuit. Plaintiff has not shown any authority for relation back under these circumstances. Rule 15(c) refers to the relation back of an amendment. However, this is more than an amendment; this is the filing of a new suit. There has to be some limitation or theoretically a plaintiff could extend the limitation period on a suit indefinitely by dismissing a prior suit without prejudice. See Luckett v. Rent-A-Center, Inc., 53 F.3d 871, 873 (7th Cir. 1995) (suggesting that the relation-back doctrine is not applicable when a complaint began a "new case"). Nevertheless, because relation back fails under the mistake requirement of Rule 15(c)(1)(C)(ii), the court need not resolve this issue.

Fed. R. Civ. Pro. 15(c)(1)(C).

"It has long been the law in this circuit that [Rule 15(c)(1)(C)] permits an amendment to relate back to the original complaint only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." Baskin v. City of Des Plaines, 138 F.3d 701, 704 (7th Cir. 1998). The Seventh Circuit has consistently held that "plaintiffs cannot, after the statute of limitations period, name as defendants individuals that were unidentified at the time of the original pleading. Not knowing a defendant's name is not a mistake under Rule 15." Jackson, 541 F.3d at 696 (7th Cir. 2008); see also Gomez, 680 F.3d at 864 n.1 (explaining that "[a] plaintiff's lack of knowledge about a defendant's identity is not a 'mistake' within the meaning of Federal Rule of Civil Procedure 15(c) such that the plaintiff could amend his complaint outside the statute of limitations period upon learning the defendant's identity"). "Accordingly, once the statute of limitations period expires, [plaintiff] cannot amend his complaint to substitute a new party in the place of 'John Doe.'" Gomez, 680 F.3d at 864 n.1; see also Sassi v. Breier, 584 F.2d 234, 235 (7th Cir. 1978) ("We do not consider that the naming of a[n] [unknown] defendant in the complaint tolls the statute of limitations until such time as a named defendant may be substituted. It constitutes a change of parties within Rule 15(c), and the newly named defendant sought to be substituted for [unknown] becomes a new party. To hold otherwise could have an unwarranted impact upon the salutary purposes of statutes of limitations.").

Therefore, in this case, because plaintiff named as defendants in her original 2014 complaint "Unknown Employees" of the IDOC, the future naming of those previously unnamed defendants in any subsequent amended complaint or new case will not be permitted to relate back to the original filing after the statute of limitations has run. That is the case here. Plaintiff's claim expired on August 19, 2014. The substituted named defendants were not added in place of "Unknown Employees" until October 24, 2014, after the applicable two-year statute of limitations had run.

In her response brief, plaintiff also argues that the notice requirement of Rule 15(c) has been satisfied. However, the court need not decide this issue because the Seventh Circuit has held that it is immaterial whether or not the notice requirement of Rule 15(c) has been met when the mistake requirement has not been satisfied. "[W]e have emphasized that the mistake requirement is independent from whether the purported substitute party knew that action would be brought against him." King, 201 F.3d at 914; see also Worthington v. Wilson, 8 F.3d 1253, 1256 (7th Cir. 1993) ("[Rule 15(c)] permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where, as here, there is a lack of knowledge of the proper party. Thus, in the absence of a mistake in the identification of the proper party, it is irrelevant for the purposes of [Rule 15(c)] whether or not the purported substitute party knew or should have known that the action would have been brought against him."); Hunt, 612 F. Supp. 2d at 976 n.8 (reiterating that "unless there has been a 'mistake' in not naming the right defendant, it does not matter whether the late named party had knowledge of the suit"). Therefore, because there has been no "mistake" as required by Rule 15(c), it is irrelevant whether or not the defendants had notice of the prior lawsuit.

4

## III. CONCLUSION

For all these reasons, the court finds that plaintiff's complaint is barred by the statute of limitations. Plaintiff chose, at her own peril, to wait until one day before the statute of limitations expired to file the 2014 case. Unfortunately, at that time, neither plaintiff nor counsel knew the names of the employees who allegedly violated decedent's rights. Once the complaint was amended to add the previously unnamed defendants, the statute of limitations had already expired. Because plaintiff's failure to name defendants prior to the expiration of the statute of limitations was due to a lack of knowledge as to their identity, and not a mistake in their names, plaintiff cannot avail herself of the relation-back doctrine of Rule 15(c). Accordingly, defendants' motions to dismiss are granted with prejudice.

Date: 8/2/2016

ENTER:

_____
FREDERICK J. KAPALA

District Judge